(Reap. Dec. 11124)

BERBEN CORP. *v.* UNITED STATES

Entry No. 819403, etc.

(Decided January 17, 1966)

*Barnes, Richardson & Colburn* for the plaintiff.
*John W. Douglas,* Assistant Attorney General, for the defendant.

FORD, Judge: The proper value for dutiable purposes of certain pistols and shotguns forms the subject of the appeals for a reappraisement, enumerated in schedule A, attached to and made a part of this decision.

The parties hereto have submitted said appeals for determination on a stipulation of fact wherein it has been agreed as follows:

(1) That the appeals for reappraisement listed in Schedule "A", hereto attached and made a part hereof, are limited to the merchandise described on the invoices as pistols or shotguns, with or without other words of description, and exported by the firm of Pietro Beretta, Italy.

(2) That the involved merchandise was entered, or withdrawn from warehouse for consumption, after the effective date of the Customs Simplification Act of 1956.

(3) That as to the pistols, the said merchandise is described in the Final List published by the Secretary of the Treasury pursuant to the said Customs Simplification Act (T.D. 54521); that the said merchandise was accordingly appraised under section 402a of the Tariff

Act of 1930, as amended by the said Customs Simplification Act; that at the time of exportation of the said merchandise, such or similar merchandise was not freely offered for sale for home consumption in Italy or for exportation to the United States, and was likewise not freely offered for sale to all purchasers for domestic consumption in the United States; that at the time of exportation of said merchandise, the cost of production as defined in section 402a(f), Tariff Act of 1930, as amended, was equal to the entered value.

(4) That as to the shotguns, said merchandise is not identified on the said Final List and was accordingly appraised under section 402 of the Tariff Act of 1930, as amended by the said Customs Simplification Act; that at the time of exportation to the United States of the merchandise in question, the price at which such or similar merchandise was freely sold in the principal markets of the country of exportation in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States including the cost of all containers and coverings of whatever nature and all other expenses incidental to placing the merchandise in condition, packed ready for shipment to the United States, was the entered value.

Upon the record before the court, I find and hold—

1. That the cost of production, as that value is defined in section 402a(f) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 91 Treas. Dec. 295, T.D. 54165, is the proper basis of value for the pistols in issue and that said value is represented by the entered value.

2. That export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, *supra*, is the proper basis of value for the shotguns in controversy and that said value is represented by the entered value.

Judgment will be entered accordingly.